UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WILLIAMS,

    Petitioner,

                                    CASE NO. 15-10634
v.                                 HONORABLE VICTORIA A. ROBERTS

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT (Dkt. No. 8),
DENYING PETITIONER'S MOTION TO STRIKE
RESPONDENT'S MOTION (Dkt. No. 10),
DISMISSING THE HABEAS CORPUS PETITION (Dkt. No. 1),
DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Presently before the Court is petitioner Bobby Williams' *pro se* habeas corpus petition, which Petitioner filed pursuant to 28 U.S.C. § 2254 in February of 2015. The habeas petition challenges Petitioner's Wayne County (Michigan) convictions for first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On September 14, 2015, respondent Thomas Winn moved for summary judgment and dismissal of the habeas petition on the ground that Petitioner did not file his habeas petition within the applicable statute of limitations. Petitioner subsequently moved to strike Respondent's motion as improperly filed. The Court grants Respondent's motion and denies Petitioner's motion because the habeas petition is

time-barred and Petitioner's motion lacks merit. A procedural history of Petitioner's case and analysis follow.

## I. Background

On December 5, 2003, a jury in Wayne County Circuit Court found Petitioner guilty, as charged, of first-degree murder and felony firearm. The convictions arose from a shooting in Detroit on March 13, 2003. The Michigan Court of Appeals described the evidence against Petitioner as "strong" and "substantial," noting that

> [t]he victim's mother identified [Petitioner] as the shooter she saw from approximately eight feet away in a well-lit area. The victim's friend, who saw the shooter come over the fence, immediately ran to the local police department and gave the police a description of the shooter that matched [Petitioner]. Sergeant Decker, one of the first officers at the scene, followed fresh footprints in the snow and found two witnesses who had just given the shooter a ride. Their description of the shooter also matched [Petitioner's] description. They further testified that the man had a revolver and kept stating that he had to "flick" or shoot someone.

*People v. Williams*, No. 253123, 2005 WL 839552, at *1 (Mich. Ct. App. Apr. 12, 2005).

The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder conviction. Petitioner appealed his convictions on grounds that: (1) the trial court erred by (a) admitting hearsay about his brother's threats to harm the victim and (b) denying admission of Petitioner's 1996 medical records; and (2) trial counsel was ineffective for failing to (a) call expert witnesses to testify about Petitioner's physical disabilities and (b) file a pretrial motion to admit Petitioner's medical records. The Michigan Court of Appeals found no merit in these arguments and affirmed Petitioner's convictions. *See id.* On October 31, 2005, the Michigan Supreme Court denied leave to appeal because

it was not persuaded to review the issues. *People v. Williams*, 705 N.W.2d 134 (Mich. 2005).

On October 5, 2006, Petitioner filed a motion for relief from judgment regarding his trial and appellate attorneys. On October 31, 2006, the trial court denied the motion, and on March 3, 2008, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Williams*, No. 279882 (Mich. Ct. App. Mar. 3, 2008). On September 9, 2008, the Michigan Supreme Court denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Williams*, 754 N.W.2d 878 (Mich. 2008).

On October 15, 2008, Petitioner filed a motion for new trial. The state trial court treated the motion as a second or successive motion for relief from judgment because Petitioner missed the deadline for filing a motion for new trial under Michigan Court Rule 6.431. The trial court then denied Petitioner's motion because Petitioner did not satisfy either of the two exceptions to Michigan Court Rule 6.502(G)(1), which states that, "after July 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction."[1] *People v. Williams*, No. 03-8620-01 (Wayne County Cir. Ct. June 16, 2009). Petitioner did not appeal the trial court's decision.

---

[1] An exception to this rule may be made when

> [a] defendant . . . file[s] a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion.

Mich. Ct. R. 6.502(G)(2).

3

On July 28, 2009, Petitioner signed and dated his first habeas petition, which the Clerk of this Court filed on August 3, 2009. The Court dismissed the petition without prejudice a week later. *See Williams v. Balcarcel,* No. 09-13061 (E.D. Mich. Aug. 10, 2009).

Three and a half years later on or about April 22, 2013, Petitioner filed a motion for DNA testing pursuant to Mich. Comp. Laws § 770.16. On September 11, 2013, the trial court denied Petitioner's motion because § 770.16 did not apply to him and because he failed to establish all the requirements for petitioning the court for DNA testing. *People v. Williams*, No. 03-8620-01 (Wayne County Cir. Ct. Sept. 11, 2013). The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Williams*, No. 319912 (Mich. Ct. App. May 14, 2014). On October 28, 2014, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *People v. Williams*, 854 N.W.2d 895 (Mich. 2014).

Meanwhile, on or about December 5, 2013, Petitioner filed several more post-conviction motions, including a motion for new trial. The trial court construed the motion for new trial as a second or successive motion for relief from judgment because the deadline for filing a motion for new trial had expired. The trial court then denied the motion because Petitioner was not relying on a retroactive change in the law or on newly discovered evidence. *People v. Williams*, No. 03-8620-01 (Wayne County Cir. Ct. Mar. 3, 2014). Petitioner appealed the trial court's decision, but the Michigan Court of Appeals dismissed the appeal because "[n]o appeal may be taken from the denial or rejection of a successive motion for relief from judgment." *People v. Williams*, No.

322475 (Mich. Ct. App. Aug. 11, 2014). Petitioner did not appeal the Court of Appeals' decision to the Michigan Supreme Court. *See* Affidavit of Larry Royster, ECF No. 9-24.

Finally, on February 2, 2015, Petitioner signed and dated the habeas corpus petition presently before the Court, and on February 19, 2015, the Clerk of the Court filed the petition. The Court understands Petitioner's grounds for relief to be: (1) he is entitled to DNA testing to establish his innocence; and (2) he is entitled to avail himself of a plea offer that he refused on the basis of erroneous advice from his trial attorney.

As noted above, Respondent claims in his motion for summary judgment and dismissal of the petition that the habeas petition is untimely. Petitioner argues in his motion to strike that Respondent's motion is improper because it is not an answer to the petition and because Respondent filed the motion on the last day of the deadline for the responsive pleading. Petitioner further alleges that the time during which his successive motions for post-conviction relief were pending in state court should not be counted toward the limitations period. Finally, Petitioner contends that, even if the Court deems his habeas petition untimely, he is entitled to equitable tolling of the limitations period because he is mentally and physically incompetent and was incapable of complying with the statute of limitations.

## II. Discussion

### A. The Statute of Limitations

The Court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent's motion for summary judgment and dismissal of the habeas petition

5

is based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA governs this case because Petitioner filed his habeas petition in 2015, long after AEDPA was enacted. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011).

AEDPA established a one-year period of limitation for state prisoners to file their federal petitions for writ of habeas corpus. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitations runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of

limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.' " *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"— when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

**B. Application**

Petitioner did not apply for a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on January 29, 2006, ninety days after October 31, 2005, when the Michigan Supreme Court denied leave to appeal on direct review. The statute of limitations began to run on the following day, and it ran 248 days until October 5, 2006, when Petitioner filed his first motion for relief from judgment. The statute was tolled for the entire time that Petitioner's post-conviction motion was

7

pending in state court, that is, until September 9, 2008, when the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's motion. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). At that point, Petitioner had 117 days in which to file his habeas petition, because the statute of limitations was not tolled during the time that Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court following the state courts' collateral review of his convictions. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007).

On October 15, 2008, Petitioner filed a motion for new trial, which the state trial court construed as a second or successive motion for relief from judgment under Michigan Court Rule 6.502(G). The trial court denied the motion on the basis that Petitioner did not satisfy either of the two exceptions to the rule barring second or successive motions for relief from judgment. Because the motion was denied under Rule 6.502(G), the motion was not "properly filed" under § 2244(d)(2) and it did not toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 732-36 (6th Cir. 2012). As a result, the deadline for Petitioner's habeas petition was January 4, 2009, 117 days after September 9, 2008, when the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's first motion for relief from judgment.

Even if the motion for new trial filed on October 15, 2008, tolled the limitations period, the trial court denied the motion on June 16, 2009. Petitioner did not appeal the trial court's decision, nor file another post-conviction motion attacking his convictions, until December 9, 2013.[2] By then, the one-year limitations period clearly was expired,

---

[2] Petitioner filed his first habeas corpus petition in the summer of 2009, but the statute of limitations had already expired by then. Furthermore,

and the habeas petition filed in 2015 is untimely unless equitable tolling applies or Petitioner makes a credible showing of actual innocence.

**C. Equitable Tolling**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). A petitioner is entitled to equitable tolling of the habeas statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims that he has been diligently pursuing his rights and that the Court should equitably toll the limitations period because he has been a severely disabled person since 1994. In an unsworn affidavit attached to Petitioner's motion to strike, he alleges that, at the age of 16, he was involved in a debilitating car accident, and at the age of 19, he was shot in the head and sustained permanent brain damage. Petitioner claims that he is illiterate, paralyzed on the right side of his body, and in constant need of medical accommodations in prison. He asserts that his mental and physical

---

> an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [Petitioner's] first federal habeas petition.

*Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The Court concludes that the first habeas petition had no impact on the limitations period.

disabilities have prevented him from understanding and complying with the statute of limitations and that he relies exclusively on the advice and assistance of "jailhouse lawyers."

Petitioner's illiteracy is not a basis for equitably tolling the limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Nor is his *pro se* status "sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). On the other hand, "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). But

> [t]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Id.*

The record before the Court confirms that Petitioner suffered a traumatic brain injury in 1995 following a motor vehicle accident and that he sustained a gunshot wound to head in 1996. *See* Pet'r's Mot. to Strike, ECF No. 10, Ex. A, page 1; *id.*, Ex. B, page 1. He did undergo rehabilitation, however, and for the following reasons, it appears that Petitioner may have overstated the extent of his disabilities.

The physician who examined Petitioner in jail on July 17, 2003, testified at trial that Petitioner walked into the clinic, sat down, and talked with him. The physician

noticed that Petitioner dragged his right leg and that there was some weakness and a limited range of motion on Petitioner's right side, which the physician attributed to the prior injury. The physician nevertheless thought that Petitioner was functional and capable of being housed in the general population of the jail, as opposed to the special housing unit for handicapped inmates. (Trial Tr. Vol. 3, 106-11, 117-21, Dec. 3, 2003). The physician opined that Petitioner was medically stable and that he was not in acute distress, nor in need of treatment for any major problems. *Id.* at 125-27.

Petitioner's godfather testified at trial that, although Petitioner's mother and sister provided some assistance to Petitioner, Petitioner had been living in his own apartment for a year and he was capable of taking care of himself. *Id.* at 143-46. Petitioner himself testified at trial that, despite the weakness on his right side and the fact that he did things slowly, he did not have a problem walking or getting into and out of a car. *Id.* at 158-59. He also testified that he had been living alone for the past few years and was capable of doing basic things like getting into and out of the bathroom by himself and making a simple meal. *Id.* at 166-68.

The testimony at trial and the fact that Petitioner could testify in his own behalf weigh in favor of his being able to function mentally and physically. Even if the Court were to assume that Petitioner was physically or mentally incompetent during the limitations period, it does not appear that Petitioner's alleged incompetence caused him to miss the filing deadline. He claims, for example, that despite his physical and mental disabilities, he never missed a state filing deadline and that he "repeatedly and successively launched legal attacks against his conviction and sentence ever since his

incarceration at every opportunity that presented itself." Pet'r's Brief in Support of Mot. to Strike, at 18. Petitioner points to his numerous post-conviction motions in state court as evidence that he was trying to establish his innocence and attempting to exhaust every available state remedy before filing his federal habeas petition. *Id.* at 19.

Petitioner's litigation in state court included a direct appeal, multiple post-conviction motions, and three appeals from the denial of post-conviction motions. This litigation history suggests that Petitioner's alleged physical and mental disabilities did not cause him to miss the filing deadline for his habeas petition.

Petitioner asserts that the only reason he was able to pursue state remedies was because of "jailhouse lawyers." *Id*. at 18. To the extent he needed paralegals due to his ignorance of the law, this alone "is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Furthermore, the reliance on paralegals is further evidence that Petitioner's disabilities were not the cause of his untimely habeas petition. *See Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) (stating that, because the petitioner "was not doing her own legal work, her physical disabilities could not have impacted the timeliness of their filing").

The Court concludes that Petitioner's physical and mental disabilities were not an extraordinary circumstance that prevented Petitioner from filing a timely habeas petition. The Court therefore declines to equitably toll the limitations period.

### D. Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their

constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Nevertheless,

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [*v. Delo*, 513 U.S. 298, 329 (1995)]; see *House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*Id.*

Petitioner claims that, due to his physical disability, it was impossible for him to commit the crime for which he is incarcerated. Petitioner raised this defense at trial, however, and he has not presented the Court with any new evidence of actual innocence. He relies on certain medical records to support his claim of innocence, but the records are not new evidence; his trial attorney possessed the records at trial. (Trial Tr. Vol. III, 91-95, Dec. 3, 2003). In the absence of any new evidence to support Petitioner's claim of actual innocence, AEDPA's time limitations apply.

### III. Petitioner's Motion to Strike

Petitioner urges the Court to strike Respondent's motion for summary judgment on the grounds that the motion is untimely and that it is not a substitute for an answer. The Court finds no merit in these allegations because the magistrate judge's order for responsive pleading directed Respondent to file a response to the petition by September 14, 2015. The order does not say that the response has to be an answer, as opposed to, a dispositive motion. *See* Order Requiring Response to Pet. for Writ of Habeas Corpus, ECF No. 6. Furthermore, the motion for summary judgment was timely filed on September 14, 2015. Thus, there is no basis for striking Respondent's motion

for summary judgment. The Court denies Petitioner's motion to strike Respondent's motion for summary judgment (ECF No. 10).

## IV. Conclusion

The limitations period in this case expired several years before Petitioner filed his habeas corpus petition, and application of the doctrine of equitable tolling is not appropriate under the circumstances present here. Petitioner also has not made a credible showing of actual innocence. Thus, there is no genuine dispute as to any material fact, and Respondent is entitled to judgment as a matter of law. Accordingly, the Court grants Respondent's motion for summary judgment and dismissal of the habeas petition (ECF No. 8) and denies Petitioner's motion to strike Respondent's motion (ECF No. 10). The Court dismisses the habeas corpus petition (ECF No. 1) with prejudice, as it is untimely.

## V. Regarding a Certificate of Appealability and the Appellate Filing Fee

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's habeas petition is clearly time-barred. Consequently, reasonable jurists would not find the Court's procedural ruling debatable.

Reasonable jurists also would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. Petitioner claims that he is entitled to (1) DNA evidence to establish his innocence and (2) an opportunity to avail himself of a plea offer to a reduced charge and a sentence of thirteen years. There is no freestanding substantive due process right to DNA testing to prove one's innocence on post-conviction review, *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-72 (2009); *In re Smith*, 349 F. App'x 12, 14-15 (6th Cir. 2009), and the Court has found no evidence of a plea offer in the state-court record. Therefore, reasonable jurists would not find it debatable whether the habeas petition states a valid claim of the denial of a constitutional right. The Court declines to issue a certificate of appealabilty. The Court nevertheless grants leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                              S/VICTORIA A. ROBERTS
                                              UNITED STATES DISTRICT JUDGE

Dated: February 17, 2016