UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WILLIAMS,

    Petitioner,

v.

CASE NO. 15-10634
HONORABLE VICTORIA A. ROBERTS

THOMAS WINN,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR
EQUITABLE TOLLING (ECF No. 16)
AND
TRANSFERRING PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT (ECF No. 18) TO THE COURT OF
APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION**

### I. Introduction

In 2015, petitioner Bobby Williams filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The convictions arose from a shooting in Detroit on March 13, 2003. The Michigan Court of Appeals described the evidence against Petitioner as "substantial," noting that

> [t]he victim's mother identified [Petitioner] as the shooter she saw from approximately eight feet away in a well-lit area. The victim's friend, who saw the shooter come over the fence, immediately ran to the local police department and gave the police a description of the shooter that matched [Petitioner]. Sergeant Decker, one of the first officers at the scene, followed fresh footprints in the snow and found two witnesses who had just given the shooter a ride. Their description of the shooter also matched [Petitioner's] description. They further testified that the man had a revolver and kept stating that he had to "flick" or shoot someone.

*People v. Williams*, No. 253123, 2005 WL 839552, at *1 (Mich. Ct. App. Apr. 12, 2005). The Court of Appeals affirmed Petitioner's convictions, *see id.*, and the Michigan Supreme Court denied leave to appeal. *See People v. Williams*, 705 N.W.2d 134 (Mich. 2005). Petitioner's attempts to obtain additional post-conviction relief were unsuccessful. He is currently serving a life sentence for the murder conviction.

Petitioner argued in his habeas corpus petition that (1) he was entitled to DNA testing to establish his innocence, and (2) he was entitled to avail himself of the prosecution's plea offer, which he rejected on the advice of counsel. *See* ECF No. 1. Respondent Thomas Winn moved for summary judgment and dismissal of the habeas petition on the basis that Petitioner did not comply with the habeas statute of limitations. *See* ECF No. 8. On February 17, 2016, the Court granted Respondent's motion and dismissed the habeas petition as time-barred. *See* ECF No. 11. Petitioner appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. *See Williams v. Winn*, No. 16-1341 (6th Cir. Aug. 10, 2016) (unpublished). Currently before the Court are Petitioner's motion for equitable tolling, ECF No. 16, and his motion for relief from judgment, ECF No. 18.

## II. Analysis

### A. The Motion for Equitable Tolling

In his first motion, Petitioner asks the Court to equitably toll the statute of limitations on the basis that he is innocent of the crimes for which he was convicted and sentenced. Petitioner contends that one of the prosecution witnesses is actually guilty of the murder and that he (Petitioner) could not have committed the crime because the

shooter was described as climbing a six-and-a-half foot fence, and it was physically impossible for Petitioner to have climbed the fence due to his physical disability. Petitioner also alleges that he is mentally incompetent, that the prosecutor committed misconduct, and that trial counsel was ineffective.

The habeas statute of limitations is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), and actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court, however, considered and rejected Petitioner's arguments regarding equitable tolling and actual innocence in its dispositive opinion. The Court of Appeals for the Sixth Circuit, moreover, determined that reasonable jurists would not debate or disagree with this Court's determination that Petitioner was not entitled to equitable tolling and that Petitioner's new evidence did not meet the standard for actual innocence. The Court therefore denies as moot Petitioner's motion for equitable tolling (ECF No. 16).

To the extent Petitioner is seeking reconsideration of the Court's opinion and judgment dismissing his case, the motion is denied because Petitioner has failed to satisfy the requirements for obtaining reconsideration. Under this Court's Local Rules, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." LR 7.1(h)(1). And, generally,

> the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Petitioner filed his motion for equitable tolling on May 31, 2016, which was more than fourteen days after the Court entered its judgment on the docket in February of this year. Furthermore, Petitioner is merely asserting claims that the Court previously considered and rejected. Finally, Petitioner has not shown that the Court made a "palpable defect" in its dispositive opinion. The Court therefore declines to grant reconsideration of its opinion and judgment dismissing the habeas petition.

### B. The Motion for Relief from Judgment

In his second and final motion, Petitioner seeks relief from judgment on the basis of newly-discovered evidence. The new evidence is a physician's letter to Petitioner on July 5, 2016. The physician opines in the letter that, due to weakness in Petitioner's legs, Petitioner "would have been unable to scale a fence or even run" at the time of the crime. Mot. for Relief from J., ECF No. 18, Pg ID 1743.

Petitioner alleges in his motion and supporting brief that he spent thirteen years attempting to obtain a physician's opinion on his physical condition. He claims that his trial and appellate attorneys were ineffective for failing to investigate his physical condition, for failing to obtain the information provided in the physician's recent letter to him, and for failing to defend Petitioner on the basis of his inability to commit the crime.

Petitioner brings his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2), which permits a federal court to relieve a party from a final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The Court must decide whether Petitioner's motion for relief from judgment is, in fact, an application for

habeas corpus relief, because habeas petitioners generally may file only one petition for the writ of habeas corpus.  As stated in the relevant statute,

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 28 U.S.C. § 2244(b).

The federal Court of Appeals for the Sixth Circuit recently explained that

> [a] petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.' " *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez* [*v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641 (2005)].  A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.' " *Ibid.* (quoting *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641). For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.' " *Moreland* [*v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016)] (quoting *Gonzalez*, 545 U.S. at 531, 125 S.Ct. 2641).

*Franklin v. Jenkins*, __ F.3d __, __, No. 15-3180, 2016 WL 5864892, at *5 (6th Cir. Oct. 7, 2016).

As stated by the Supreme Court in *Gonzalez*, a Rule 60(b) motion that seeks vindication of a claim by presenting new claims for relief or by presenting new evidence in support of a claim already litigated

> is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

*Gonzalez*, 545 U.S. at 531.

Petitioner's motion for relief from judgment asserts a federal basis for relief from his state-court conviction in that he alleges new claims regarding his trial and appellate attorneys. Therefore, the Court must treat his motion as a successive habeas corpus petition.

A habeas petitioner who seeks to file a second or successive habeas corpus petition must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). "[F]ederal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin*, 2016 WL 5864892, at *5. When a petitioner files a second or successive habeas petition in the district court without prior authorization from the Court of Appeals, the Court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[1]  Section 1631 provides that,

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition. Accordingly, the Court orders the Clerk of the Court to transfer Petitioner's motion for relief from judgment (ECF No. 18) to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas corpus petition.

|  |  |
|---|---|
| Dated: 10/21/2016 | S/Victoria A. Roberts<br>VICTORIA A. ROBERTS<br>UNITED STATES DISTRICT JUDGE |

---

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

7